IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA L. PALACIOS<br>　　　　Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) Case No:<br>) |
| KNOWLEDGE LEARNING CORP.<br>　　　　Defendant, | )<br>) **JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Norma L. Palacios ("Ms. Palacios") brings this complaint pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C §§ 2601 et seq. ("FMLA") against Defendant, Knowledge Learning Corp ("KLC"). Ms. Palacios seeks injunctive relief, back pay and benefits, and liquidated damages from KLC for violating the FMLA by terminating her employment when she was eligible for FMLA leave to care for a family member with a serious health condition and for terminating her in retaliation for requesting FMLA leave.

## JURISDICTION

2. This Court has jurisdiction over plaintiff's claims under 29 U.S.C. § 2617(a)(2), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

3. This Court is the appropriate venue under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Norma L. Palacios is an individual who, at the time this cause of action arose, resided in the Northern District of Illinois. At all relevant times, Ms. Palacios was and "eligible employee" under the FMLA because she had been employed with KLC for more than twelve months and she had worked at least 1,250 hours in the year preceding her request for FMLA leave. 29 U.S.C. § 2611(2)(A).

1

5. Defendant KLC is a corporation doing business in the State of Illinois.

6. At all times relevant to this Complaint, KLC has had more than 15 employees, more that 50 employees within a 75-mile radius of Plaintiff's workplace, and has at all times relevant to this action been an employer for the purposes of the FMLA. 29 U.S.C. § 2611(4).

## STATEMENT OF THE CASE

### A: Factual Allegations

7. KLC hired Ms. Palacios on or about January 11, 1993 and she had been employed full-time and continuously until her termination on March 12, 2009.

8. At the time she was terminated, Ms. Palacios was a head Teacher at a KinderCare in Arlington Heights, Illinois.

9. On January 22, 2009, Ms. Palacios daughter was severely injured in an automobile accident and sustained a spine injury.

10. On January 28, 2009, Ms. Palacios informed the Defendant of the need for FMLA leave in order to care for her daughter in order to perform daily activities on her behalf as ordered by her daughter's physician.

11. On January 29, 2009, Defendant acknowledged Ms. Palacios request for FMLA leave and forwarded the FMLA request form to her.

12. In early, February, 2009, Jacquelyn Bell, Ms. Palacios immediate supervisor notified her that she had to return to work immediately, if not she would insure that Ms. Palacios would be terminated.

13. On March 3, 2009, Ms. Palacios returned from FMLA leave to employment with Defendants Arlington Heights, Illinois facility.

14. On March 6, 2009, Ms. Bell falsely claimed that Ms. Palacios had left a child unattended and sent her home pending an investigation.

15. On March 11, 2009 Defendant denied Ms. Palacios request for leave under FMLA.

16. On March 12, 2009, Defendant terminated Ms. Palacios for allegedly violating Defendants zero tolerance policy by leaving a child unattended.

17. Ms. Palacios absences from January 28, 2009 to March 3, 2009 were due to her daughters serious health condition.

### Applicable Law – the Family and Medical Leave Act of 1993

18. The Family and Medical Leave Act of 1993 ("FMLA") entitles employees to take up to 12 weeks of unpaid leave "for the care of a child, spouse, or parent who has a serious medical condition". 29 U.S.C § 2601(b)(2).

19. An "eligible employee" under the FMLA is an employee who has been employed:
    a. "for at least 12 months by the employer with respect to whom leave is requested," and
    b. "for at least 1,50 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

20. An "employer" is defined by the FMLA to include "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(I).

21. The term "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves…continuing treatment by a healthcare provider." 29 U.S.C § 2611 (11).

22. Leave to care for a child with a serious health condition may be taken intermittently when medically necessary and taking intermittent leave shall not result in a reduction in the total amount of leave to which the employee is entitled. 29 U.S.C. § 2612(b)(1).

23. Defendant was motivated to retaliate against Ms. Palacios due to her request for FMLA leave to care for her daughter.

24. Defendant violated Ms. Palacios rights under the FMLA by terminating her employment based on absences that should have been excused as unpaid leave under the FMLA.

25. Defendant's violations of the FMLA were not in good faith and KLC did not have reasonable grounds for believing that its actions were not in violation of 29 U.S.C. § 2615.

26. Defendant retaliated and interfered with plaintiff's request for FMLA leave by terminating her on March 12, 2009.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Norma L. Palacios respectfully requests that this Court:

A. Pursuant to any jury verdict for Ms. Palacios, direct Defendant to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which she was denied or lost as a result of the violation, plus pre-and post-judgment interest on this amount at the prevailing rate, pursuant to 29 U.S.C. § 2917(a)(1)(A)(i), (ii);

B. Pursuant to any jury verdict for Ms. Palacios, direct Defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. § 2917(a)(1)(A)(iii);

C. Award Ms. Palacios her costs in bringing this action, including reasonable expert witness fees and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2917(a)(3);

D. Award reasonable attorney's fees to the law firm of Denise M. Mercherson;

E. Award Ms. Palacios reinstatement to her position as head Teacher at the KinderCare facility in Arlington Heights, Illinois;

F. Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

*Denise M. Mercherson*
One of Plaintiff's Attorneys

Denise M. Mercherson
Law Office of Denise M. Mercherson
123 W. Madison, 19th Fl.
Chicago, IL 60602
(312) 263-5989
Attorney No. 17038

5